**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ELISE SPEARS, | : | |
| | : | |
| Plaintiff, | : | Case No.: 1:23-cv-00495-MWM |
| | : | |
| vs. | : | Judge Matthew W. McFarland |
| | : | |
| AMERICAN STRATEGIC INSURANCE CORP, et. al | : | |
| | : | |
| Defendants. | : | |
| | : | |
| vs. | : | |
| | : | |
| DALLAS STRASSER | : | |
| | : | |
| Third Party Defendant. | : | |

**ANSWER OF DEFENDANT SEEK NOW, INC. TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND THIRD-PARTY COMPLAINT AGAINST DALLAS STRASSER**

**(WITH JURY DEMAND ENDORSED HEREON)**

For its Answer to Plaintiff's Second Amended Complaint, Defendant Seek Now, Inc. states as follows:

**DEFENSES TO ALLEGATIONS MADE BY PLAINTIFF**

1. Defendants deny the allegations contained in paragraphs 1, 2, 3, 8, 14, 17, 18, 22, 28, 34, 35, 36, and 37 of the Second Amended Complaint.

2. Defendant admits the allegations contained in paragraphs 7 of the Second Amended Complaint.

3. Defendant states that it is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 4, 5, 6, 10, 11, 12, and 13 of the Second Amended Complaint and therefore denies same.

1

4. Defendant states that no response is required to the allegations contained in paragraphs 15, 16, 19, 23, 24, 25, 26, 27, 29, 30, 31, 32, and 33 of the Second Amended Complaint since they pertain to a Defendant other than this Defendant.

5. This Defendant neither admits nor denies the statement in paragraph 9 of the Second Amended Complaint as it contains a purported statement or conclusion of law that may or may not be correct and/or inapplicable.

6. Defendant further denies all allegations contained in the Second Amended Complaint not specifically admitted as true herein.

## **AFFIRMATIVE DEFENSES**

7. The Second Amended Complaint fails to state a claim upon which relief may be granted.

8. Plaintiff has failed to join all parties necessary for a just adjudication of this dispute.

9. Plaintiff's claims may be barred in whole or in part by the applicable statute(s) of limitations and/or applicable statutes of repose.

10. Any claim or prayer for punitive damages must be bifurcated under application of R.C. 2315.21(B)(1)(a).

11. Any award of punitive damages to Plaintiff under Ohio law is subject to the provisions of R.C. § 2315.21(D)(2).

12. Any damage or injuries suffered by Plaintiff was proximately caused by the negligence of another defendant or by the negligence of a person or persons not named as a party to this lawsuit, and the negligence or fault of any such persons or parties should be apportioned accordingly.

13. This Defendant states that Plaintiff has failed to mitigate or minimize her damages.

14. Further answering, this Defendant reserves the right to assert additional defenses to this Second Amended Complaint that may be revealed through further investigation and discovery.

WHEREFORE, having fully answered the Second Amended Complaint, Defendant Seek Now, Inc. respectfully requests that the Second Amended Complaint be dismissed and that they be awarded costs expended herein.

**THIRD PARTY COMPLAINT AGAINST DALLAS STRASSER**:

Now comes Defendants/Third Party Plaintiff Seek Now, Inc. ("Seek"), by and through counsel, and for their Third-Party Complaint against Third Party Plaintiff Dallas Strasser. states as follows:

1. Plaintiff Elise Spears, (hereinafter "Plaintiff") has filed a Second Amended Complaint in this matter against Defendants American Strategic Insurance Corp and Seek Now, Inc. Plaintiff's Second Amended Complaint is incorporated herein by reference as though fully rewritten herein at length, not for the purpose of adopting the statements and events contained therein as being true and correct, but rather to support the basis upon which the claims in this Third Party Complaint Claim are made against Third Party Defendant Dallas Strasser. (A copy of the Second Amended Complaint is attached hereto as Exhibit "A").

2. Specifically, within the Plaintiff's Second Amended Complaint, the Plaintiff makes claims against the Defendant/Third Party Plaintiff Seek Now, Inc. This includes but is not limited to the following: Count 4 (Negligence).

4. On July 24, 2022, Defendant/Third Party Plaintiff Seek Now, Inc. entered into a Master Services Agreement ("MSA") with Third Party Defendant Dallas Strasser. (A copy of the Master Services Agreement is attached hereto as Exhibit "B").

5. Within the MSA between Defendant/Third Party Plaintiff Seek Now, Inc. and Third Party Defendant Dallas Strasser ("Strasser") the MSA identifies Strasser as an independent contractors to Seek Now, Inc. The MSA contains terms regarding insurance coverage in favor of Seek Now, Inc. and Indemnification by Strasser in favor of Seek Now, Inc.

6. Upon information and belief Third Party Defendant Dallas Strasser was the "employee and/or agent" of Defendant Seek Now, Inc. who "undertook an inspection of Plaintiff's property, including the roof, on behalf of Defendant ASI. During that inspection, Seek Now's agent and/or employee negligently fell from his ladder and caused additional substantial damage to Ms. Spears property, including but not limited to the residence's siding, gutters and deck," as was set forth in paragraph 14 of Plaintiff's Second Amended Complaint.

**COUNT I – CONTRIBUTION:**

7. Defendant/ Third Party Plaintiff Seek Now, Inc. incorporates by reference, as though fully rewritten herein at length, each and every averment, allegation and statement contained in the foregoing.

8. If it is found that Defendant/ Third Party Seek Now, Inc were negligent, which negligence is expressly denied, then Seek Now, Inc. states that Third Party Defendant Dallas Strasser was a joint tortfeasor with respect to the injuries and/or damages allegedly suffered by Plaintiff and this Defendant/Third Party Plaintiff requests that the Court make a determination of the degree of negligence and/or liability, if any, on the part of Seek Now, Inc. and the part of Strasser.

9. Based upon the foregoing, Defendant/ Third Party Plaintiff Seek Now, Inc. is entitled to contribution from and against Third Party Plaintiff Strasser with regard to Plaintiff's claims and Plaintiff's claimed injuries and damages.

10. Defendant/ Third Party Plaintiff Seek Now, Inc. states that the injuries and/or damages allegedly suffered by Plaintiff was the direct and proximate result of the active and primary negligence of Strasser and that the negligence of Seek Now, Inc., which negligence is expressly denied, was passive and secondary thereto.

11. Accordingly, if Plaintiff recovers from Defendant/ Third Party Plaintiff Seek Now, Inc., then Seek Now, Inc., is entitled to indemnification from Strasser to the extent of any judgment rendered in favor of Plaintiff against Seek Now, Inc.

12. This claim is brought pursuant to the common law of the State of Ohio as well as Revised Code §2307.25.

**COUNT II – BREACH OF CONTRACT AND CONTRACTUAL INDEMNIFICATION:**

13. Defendant/ Third Party Plaintiff Seek Now, Inc. incorporates by reference, as though fully rewritten herein at length, each and every averment, allegation and statement contained in the foregoing Counts.

14. Pursuant to the MSA as between Defendant/ Third Party Plaintiff Seek Now, Inc. and Third-Party Defendant Dallas Strasser, Strasser was to obtain insurance coverage in favor of Seek Now, Inc.

15. Under the MSA as between Defendant/ Third Party Plaintiff Seek Now, Inc. and Third-Party Defendant Dallas Strasser, Strasser is required to provide full indemnity to Defendant/ Third Party Plaintiff Seek Now, Inc. regarding any negligent act or omission.

16. Under the MSA as between Defendant/ Third Party Plaintiff Seek Now, Inc. and Third-Party Defendant Dallas Strasser, Strasser is required to provide full indemnity to Defendant/ Third Party Plaintiff Seek Now, Inc. with regard to "any and all liabilities, claims, costs, expenses, damages or judgments arising out of a result of the performance of services governed hereunder;

provided the such liabilities, claims, costs, expenses, damages and or judgments are caused or contributed to by a negligent or willful act or omission of contractor or its employees."

31. Under the MSA between Defendant/ Third Party Plaintiff Seek Now, Inc. and Third-Party Defendant Dallas Stasser, Strasser is contractually obligated to defend, indemnify, and hold harmless Defendant / Third Party Plaintiff Seek Now, Inc. for the claims of the Plaintiff.

32. Defendant / Third Party Plaintiff Seek Now, Inc. has made formal defense tender and request for indemnification under the terms of the MSA between Seek Now, Inc. and Strasser directly to Strasser which has either been denied or has received no response.

**COUNT III – NEGLIGENCE:**

33. Defendant / Third Party Plaintiff Seek Now, Inc. incorporates by reference, as though fully rewritten herein at length, each and every averment, allegation and statement contained in the foregoing Counts.

34. Third Party Defendant Strasser was the "employee and/or agent" of Defendant Seek Now, Inc. who "undertook an inspection of Plaintiff's property, including the roof, on behalf of Defendant ASI. During that inspection, Seek Now's agent and/or employee negligently fell from his ladder and caused additional substantial damage to Ms. Spears property, including but not limited to the residence's siding, gutters and deck," as was set forth in paragraph 14 of Plaintiff's Second Amended Complaint.

35. Third Party Defendant Dallas Strasser breached his duty of care to Plaintiff either through his independent acts and/or omissions which led to Plaintiff's alleged injuries and damages.

36. Third Party Defendant Dallas Strasser's negligence was a proximate cause of Plaintiff's alleged injuries and damages.

**WHEREFORE,** Defendant/ Third Party Plaintiff Seek Now, Inc. demands judgment against Third Party Defendant Dallas Strasser to the extent of any judgment rendered in favor of Plaintiff against Seek Now, Inc. Further, Defendant/Third Party Plaintiff Seek Now, Inc. requests that it be awarded its costs and expenses, including but not limited to, attorney fees and expenses against Dallas Strasser and for any other relief, which Defendant Seek Now, Inc. may be entitled to at law or in equity, as this Court deems best and appropriate.

Respectfully submitted,

**WESTON HURD, LLP**

*/s/ Steven G. Carlino*
Steven G. Carlino      (0073734)
Adelia A. Mohan        (0096254)
101 E. Town Street, Ste. 500
Columbus, Ohio 43215
Ph. (614) 280-0200
Fax. (614) 280-0204
Em. scarlino@westonhurd.com
      amohan@westonhurd.com
*Counsel for Defendant/Third Party Plaintiff Seek Now, Inc.*

## JURY DEMAND

Defendant respectfully requests that all issues herein be tried to a jury.

*/s/ Steven G. Carlino*
Steven G. Carlino (0073734)
*Counsel for Defendant/Third Party Plaintiff Seek Now, Inc.*

## **CERTIFICATE OF SERVICE**

   This is to certify that the foregoing was filed electronically this 7th day of March 2024. Notice of this filing will be sent to all counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Service has also made via USPS regular mail and Certified Mail service to the following:

Dallas Stasser
4800 Southern Hills Drive
Apartment 722
Sioux City, IA 51106


        */s/ Steven G. Carlino*
        Steven G. Carlino (0073734)
        Adelia A. Mohan (0096254)
        *Counsel for Defendant/Third Party Plaintiff Seek Now, Inc.*