# EXHIBT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **ELISE SPEARS**<br>**318 Progress Ave.**<br>**Hamilton, OH 45013** | **Case No. 1:23-cv-00495-MWM** |
| **Plaintiff,** | **Hon. Judge Mathew W. McFarland** |
| **v.** | |
| **AMERICAN STRATEGIC**<br>**INSURANCE CORP**<br>**1 Asi Way**<br>**St. Petersburg, FL 33702** | |
| **and** | |
| **SEEK NOW, INC.**<br>**3600 Chamberlain Ln., Suite 736**<br>**Louisville, KY 40241**<br>**Serve:**<br>     **MCM CPAs & Advisors, LLP**<br>     **462 South 4ᵗʰ St., Suite 2600**<br>     **Louisville, KY 40202** | |

## SECOND AMENDED COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff Elise Spears, by and through the undersigned counsel, and states her Complaint against Defendants American Strategic Insurance Corp and Seek Now, Inc. as follows:

### I.   PRELIMINARY STATEMENT

1.     This case, which arises under Ohio contract and tort law, stems from the willful failure of Defendant American Strategic Insurance Corp (hereinafter "ASI") to indemnify its policyholder, Plaintiff Elise Spears, for property damage caused by: (1) storms and damaging winds; and/or (2) the negligence of ASI's agent, Defendant Seek Now, Inc. (hereinafter "Seek Now").

2.     Plaintiff alleges that Defendant ASI violated Ohio law by: (1) breaching the terms of the homeowner's insurance contract between the parties[1]; and (2) failing to act in good faith in carrying out its duties under that contract and/or making coverage decisions pursuant to that contract.  Plaintiff further alleges that Defendant Seek Now violated Ohio law by negligently causing damage to her property while conducting an inspection on behalf of Defendant ASI.

3.     Plaintiff seeks relief for the aforementioned acts and/or omissions in the form of compensatory damages for her economic injuries, punitive damages, as well as reasonable attorney fees and costs and any further relief warranted in law or equity.

## II.     THE PARTIES

4.     Plaintiff Elise Spears resides at 318 Progress Avenue, Hamilton, Butler County, Ohio 45013 ("the subject property"). Plaintiff has owned and resided at the subject property at all times relevant to this Complaint.

5.     Plaintiff Elise Spears insured the subject property through Defendant ASI.

6.     Defendant ASI is a Florida-based insurance company authorized to conduct business in the State of Ohio.  ASI issued a homeowner's insurance policy to Plaintiff, covering, among other things, loss and/or damage to the subject property arising out of covered events, including but not limited to wind and hail damage.  That policy was in effect at all times relevant to this Complaint.

7.     Defendant Seek Now is a Delaware corporation authorized to conduct business in the State of Ohio. To the best of Plaintiff's knowledge, information, and belief, Defendant ASI retained Defendant Seek Now to assess the extent of storm damage the

---

[1] A copy of the policy is not attached to this Complaint because it is in the possession, custody, or control of Defendant American Strategic.

2

subject property sustained as a result of the high winds and/or storms on or about March 25, 2023.

### III.   JURISDICTION AND VENUE

8.     Pursuant to 32 U.S.C. § 1332(a), jurisdiction is properly invoked in the Southern District of Ohio because there is complete diversity of citizenship among the Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.     Pursuant to 28 U.S.C. § 1391(b)(2), venue is properly invoked in this Court because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district and because the property that is the subject of the action is situated within this judicial district.

### IV.   STATEMENT OF FACTS

10.     Plaintiff Elise Spears owns and resides at the subject property.

11.     On or about March 25, 2023, a storm producing high winds caused damage to, among other things, the roof of her home.

12.     Pursuant to the terms of the homeowner's insurance policy between the parties which was in effect at the time of the loss, Plaintiff promptly notified Defendant ASI of the damage caused by the storm and requested indemnification for necessary repairs and replacements.

13.     Plaintiff fully cooperated in the investigation of her claim under the policy, including consenting to an inspection of her residence by Defendant Seek Now.

14.     On or about April 4, 2023, an employee and/or agent of Defendant Seek Now undertook an inspection of Plaintiff's property, including the roof, on behalf of Defendant ASI.  During that inspection, Seek Now's agent and/or employee negligently

fell from his ladder and caused substantial additional damage to Ms. Spear's property, including but not limited to the residence's siding, gutters, and deck. Ms. Spears timely reported the additional damage to Defendant ASI, which would not have occurred but-for the required inspection.

15. Notwithstanding the fact that Plaintiff satisfied all conditions precedent to pursue a bona fide and valid property loss claim under her policy, Defendant ASI denied and/or significantly undervalued Plaintiff's claim. In doing so, ASI failed to conduct a reasonable investigation of the loss, failed to timely and properly process Plaintiff's claim, failed to make coverage decisions pursuant to the plain language of the contract, and/or otherwise unreasonably failed to indemnify Plaintiff for the covered loss.

16. Defendant ASI's failure to reasonably and timely indemnify Plaintiff for damage related to the covered loss has proximately caused significant economic damage to Plaintiff and was committed intentionally, maliciously, and/or with a conscious disregard for her rights under the contract.

17. Defendant Seek Now's negligent inspection of Plaintiff's residence has proximately caused significant economic damage to Plaintiff.

## V. STATEMENT OF THE CLAIMS

### Count 1: Breach of Contract

18. Plaintiff incorporates paragraphs 1-17 as if fully rewritten herein.

19. Pursuant to the express terms of the written homeowner's insurance policy that Defendant ASI issued to Plaintiff, the damage to the residence's structure that occurred on or about March 25, 2023, and April 4, 2023, constitutes a covered loss for which Defendant ASI waw responsible for indemnifying Plaintiff.

4

20.     Defendant ASI's refusal to properly indemnify Plaintiff for the aforementioned covered loss constitutes a breach of contract under Ohio law.

21.     As a direct and proximate result of Defendant ASI's material breach of the homeowner's insurance contract, Plaintiff has sustained damages in an amount to be determined at trial, but not less than twenty-five thousand dollars ($25,000.00).

## Count 2: Breach of Contract (Good Faith and Fair Dealing)

22.     Plaintiff incorporates paragraphs 1-21 as if fully rewritten herein.

23.     In purchasing a homeowner's insurance policy to shield herself from liability for damage to her residence and personal property caused by covered events such as storms, hail, and high winds, Plaintiff reasonably and justifiably relied on Defendant ASI to fully and timely indemnify her for damages caused by such loss.

24.     Defendant ASI owed Plaintiff an implied duty of good faith and fair dealing in carrying out its duties under the homeowner's insurance policy between the parties.

25.     Defendant ASI breached its duty of good faith and fair dealing, by, *inter alia*, engaging in the following acts or omissions:

(a) failing to promptly and reasonably adjust and pay the Plaintiff's claim;

(b) failing to establish a reasonable justification for the denial of the Plaintiff's claim;

(c) taking advantage of the Plaintiff's vulnerable position in order to force the Plaintiff to accept an unfair settlement of the Plaintiff's claim;

(d) failing to properly inspect the site of the loss and to adequately and properly investigate the claim, with the wrongful intent to deny the Plaintiff's claim from its inception;

(e) failing to properly analyze the cause of the loss and/or the applicable coverage;

5

(f) failing to properly review the analysis contained in any reports related to the loss in its possession;

(g) failing to properly review the available evidence related to the loss;

(h) failing to perform a good faith analysis of the loss;

(i) failing to prepare a good faith estimate of damages caused by the loss;

(j) refusing Plaintiff's reasonable requests for information;

(k) failing to indemnify the Plaintiff for her loss and damages within a reasonable period of time;

(l) failing to properly train, supervise and/or instruct its adjusters and/or agents;

(m) failing to provide uniform and/or standard guidelines and/or materials to adjusters and/or agents to properly evaluate claims;

(n) failing to timely provide sufficient funds for the repairs and replacement of the subject property;

(o) failing to pay sufficient living expenses and/or loss of use expenses incurred by the Plaintiff in accordance with the governing policy of insurance;

(p) failing to provide sufficient funds for the repair and/or replacement of the contents contained in the subject dwelling, as provided for in the subject policy of insurance;

(q) acting with malice and/or aggravated and/or egregious fraud, and/or, as principal or master, knowingly authorizing, participating in, or ratifying the actions and/or omissions of an agent or servant of the Defendant; and

(r) engaging in other wrongful acts or omissions to be shown at trial on the merits.

26.     Defendant ASI's violation of the implied duty of good faith and fair dealing constitutes a breach of contract under Ohio law.

27.     As a direct and proximate result of Defendant ASI's material breach of the homeowner's insurance contract, Plaintiff has sustained damages in an amount to be determined at trial, but not less than twenty-five thousand dollars ($25,000.00).

6

## Count 3: Bad Faith

28.    Plaintiff incorporates paragraphs 1-27 as if fully rewritten herein.

29.    As an insurer, Defendant ASI has a duty to act in good faith in the investigation, processing, and payment of the claims of its insureds.

30.    Defendant ASI's willful refusal to promptly and reasonably investigate and process Plaintiff's property damage claim and/or willful refusal to timely and reasonably indemnify Plaintiff for the covered property damage was not predicated upon circumstances that furnish reasonable justification therefor.

31.    Defendant ASI's aforementioned arbitrary and capricious investigation and/or processing of Plaintiff's property damage claim(s) and/or its willful refusal to indemnify Plaintiff constitutes bad faith under Ohio common law.

32.    As a direct and proximate result of Defendant ASI's bad faith conduct, Plaintiff has been damaged in an amount to be determined at trial, but not less than twenty-five thousand dollars ($25,000.00).

33.    The bad faith conduct of Defendant ASI in investigating, processing, handling, and/or resolving Plaintiff's property damage claim(s) was intentional, malicious, purposeful and/or done with a conscious disregard for the rights of Plaintiff, such that the Plaintiff is entitled to an award of punitive damages.

## Count 4: Negligence

34.    Plaintiff incorporates paragraphs 1-33 as if fully rewritten herein.

35.    Defendant Seek Now owed Plaintiff a duty to conduct its home inspection work in a reasonably safe and prudent manner that would not cause significant damage to the property.

36.    Defendant Seek Now breached that duty because:

7

(a) Defendant Seek Now provided an incompetent and/or careless inspector, who failed to safely use a ladder during his inspection and/or was not properly trained by Defendant Seek Now to conduct an inspection of a roof with an appropriate level of care;

(b) Defendant Seek Now's inspector failed to pay attention to what was going on about him;

(c) Defendant Seek Now's inspector failed to exercise reasonable care in using the ladder and/or otherwise engaged in careless misconduct resulting in damages to the subject property;

(d) Defendant Seek Now's inspector was inattentive, reckless and careless, as he failed to conduct the inspection of the subject property in a reasonably safe manner;

(e) Defendant Seek Now's Defendant's inspector failed to conduct the inspection with reasonable care;

(f) Defendant Seek Now failed to supervise and/or oversee and/or assist its inspector, who failed to exercise due care, during the inspection of the subject property, causing damages to the gutters, the siding, and the deck of the subject property; and

(g) Defendant Seek Now engaged in other negligent, reckless and/or careless conduct in the execution of the inspection at the subject property, according to proof at trial.

37.     As a direct and proximate result of the negligence of Defendant Seek Now, Plaintiff has incurred substantial damage to her residence, including but not limited to her gutters, siding, and deck. Plaintiff has been damaged in an amount to be determined at trial, but not less than twenty-five thousand dollars ($25,000.00).

## RELIEF REQUESTED

**Wherefore**, Plaintiff Elise Spears, by and through counsel, demands relief from Defendants American Strategic Insurance Corp and Seek Now, Inc., jointly and severally, as follows:

1.　The full value of all loss and damages caused by storms and/or high winds at the subject property on or about March 25, 2023, as well as all loss caused by the subsequent insurance inspection on or about April 4, 2015, in an amount to be determined at trial, but not less than twenty-five thousand dollars ($25,000).

2.　An award of punitive damages in an amount to be determined at trial;

3.　An award of Plaintiff's reasonable attorney's fees and costs incurred in the prosecution of this action;

4.　An award of pre-judgment interest; and

5.　Such further additional relief, whether at law or at equity, as the Court may deem proper and just.

Respectfully Submitted,

**/s/ Susan Butler, Esq.**
Susan Butler, Esq. (OH No. 0082811)
THE LAW OFFICES OF BLAKE R. MAISLIN, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
Phone: (513) 444-4444
Fax: (513) 721-5557
E-mail: sbutler@maislinlaw.com

*Trial Attorney for Plaintiff Elise Spears*

9

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable, pursuant to, *inter alia.*, Fed. R. Civ. P. 38(b) and Fed. R. Civ. P. 39(a).

*/s/ Susan Butler, Esq.*
Susan Butler, Esq.  (OH No. 0082811)
THE LAW OFFICES OF BLAKE R. MAISLIN, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
Phone: (513) 444-4444
Fax: (513) 721-5557
E-mail: sbutler@maislinlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served via the Court's CM/ECF filing system on this 2nd day of October, 2023, and that all registered users will be notified electronically of its filing.

*/s/ Susan Butler, Esq.*
Susan Butler, Esq.  (OH No. 0082811)